**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10494 |
| Plaintiff - Appellee, | D.C. No. 5:00-cr-20360-JDF |
| v. | |
| RICHARD MICHAEL GOMEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Richard Michael Gomez appeals from the 21-month sentence imposed upon

the revocation of supervised release.  We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gomez contends that the district court procedurally erred by failing to sufficiently explain the sentence, and by relying on erroneous facts. The record reflects that the district court did not procedurally err. *See Gall v. United States*, 552 U.S. 38, 49-52 (2007); *see also United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Gomez also contends that the district court erred by failing to resolve disputed factual issues, in violation of Federal Rule of Criminal Procedure 32. The record reflects that the district court did not rely upon any disputed information when imposing the sentence. *See United States v. Saeturn*, 504 F.3d 1175, 1178-81 (9th Cir. 2007) (concluding that Fed. R. Crim. P. 32(i)(3)(B) is limited to factual disputes which affect the temporal term of the sentence imposed).

Gomez also contends that his sentence is substantively unreasonable because the district court relied upon unreliable allegations of new criminal conduct in arriving at the sentence, and because the above-Guidelines range sentence is greater than necessary to achieve the goals of sentencing. The record reflects that the district court considered the appropriate sentencing factors under 18 U.S.C. §§ 3553(a) and 3583(e), and that the sentence is reasonable in light of the totality of the circumstances. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007); *see also Gall* 552 U.S. at 51-52.

**AFFIRMED.**

09-10494